# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

KURT WALLACE,                      )
                                   )
            Petitioner,            )
      v.                           )
                                   )        No. 4:24-cv-00978-SEP
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion to Produce Affidavits, Doc. [5]. No opposition has been filed by Petitioner. For the reasons set forth below, the motion is granted.

### BACKGROUND

Petitioner filed a motion for post-conviction relief under 28 U.S § 2255 alleging, among other things, ineffective assistance of counsel from his defense counsel, John D. Stobbs, II and Daniel Schattnik. Docs. [1]; [2]. Petitioner asserts the following: (1) counsel failed to file a notice of appeal after Petitioner requested counsel to do so; (2) counsel falsely informed Petitioner that he would receive the death penalty if he did not plead guilty; (3) counsel failed to properly object to Petitioner's sentencing report; (4) counsel failed to request a psychological evaluation and present an insanity defense; (5) counsel failed to hire expert witnesses and pursue "unreliable statements" made by the victim; and (6) counsel disrespected Petitioner's family. *See* Doc. [2]. The Government argues Petitioner waived the attorney-client privilege by accusing his counsel of misconduct and ineffective assistance of counsel. *See* Doc. [5] at 3. As such, the Government requests Mr. Stobbs and Mr. Schattnik provide affidavits addressing the issues raised by Petitioner. *Id*.

### DISCUSSION

"A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes incompetence a course of action to his attorney that raises the specter of ineffectiveness of incompetence." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *see Natoli v. United States*, 2021 WL 2187279, *1 (E.D. Mo. 2021) ("It is well settled that when a § 2255 petitioner claims ineffective assistance of counsel, he impliedly waives

attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) ("And if the client has voluntarily waived the privilege, it cannot be insisted on to close the mouth of the attorney.").

Here, Petitioner's claims clearly implicate privileged communications. Thus, the Court holds Petitioner "has waived the attorney-client privilege with respect to all communications with his attorney necessary to prove or disprove [Petitioner's] ineffective-assistance-of-counsel claims." *Natoli*, 2021 WL 2187279, at *1. The Court also agrees with the Government that, while an evidentiary hearing could be conducted relative to the allegations made by Petitioner, "the 'missing' information can be obtained more expeditiously by requiring [Petitioner's] former defense attorneys to provide affidavits responding to the allegations raised in [Petitioner's] § 2255 motion." *Wright v. United States*, 2008 WL 4276206 (D. Del. Sept. 17, 2008); *see also Graham*, 2019 WL 1104205, at *2 (citing *Wright* to grant motion to produce affidavit); *United States v. Adejumo*, 2015 WL 4920000 (D. Minn. Aug. 18, 2015) (permitting defense counsel to "reveal relevant attorney-client communications, whether in an affidavit or at an evidentiary hearing").

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Produce Affidavits, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that John D. Stobbs, II and Daniel Schattnik are hereby ordered to produce, no later than November 11, 2024, affidavits addressing Petitioner's claims of ineffective assistance of counsel relating to communications to and between counsel and Petitioner as enumerated in the Petition, Doc. [2].

Dated this 18th day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE